DANIEL J. BRODERICK, Bar #89424
Federal Defender
DOUGLAS BEEVERS, USVI Bar #766
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
CRESCENIO DELGADO-ESQUIVEL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>CRESCENCIO DELGADO-ESQUIVEL,<br>et al.,<br><br>              Defendants. | No. CR-S-11-00076-LKK<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date:  January 29, 2013<br>Time:  9:15 a.m.<br>Judge: Hon. Lawrence K. Karlton |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, SAMUEL WONG, Assistant United States Attorney, attorney for plaintiff; MICHAEL E. HANSEN, attorney for defendant NORMA GONZALEZ; DOUGLAS BEEVERS, attorney for defendant CRESCENCIO DELGADO-EZQUIVEL; DANNY D. BRACE, JR., attorney for defendant ARMANDO VASQUEZ-BARRAGAN; DINA SANTOS, attorney for defendant WALDO PEREZ-MENDOZA; AND DWIGHT SAMUEL, attorney for defendant VICTOR GONZALEZ, that the previously-scheduled status conference date of November 20, 2012, be vacated and the matter set for status conference on January 29, 2013, at 9:15 a.m.

This continuance is requested to allow defense counsel additional time to review discovery with the defendants, to examine possible defenses and to continue investigating the facts of the case. These tasks are made more difficult and time-consuming because many of the defendants are Spanish language speakers and communications with their counsel need to be conducted with the assistance of a Spanish-English language interpreter and/or the defendants are housed in outlying county jails outside of Sacramento County. Defense counsel need additional time to explain the ramifications of any proposed plea agreements to their respective clients and to prepare their respective client's defense in the event that there is no pretrial resolution of this case. Further, all parties stipulate and agree that the Court shall find this case complex and unusual within the meaning of 18 U.S.C. sections 3161(h)(7)(A) and (B)(ii)and Local Code T-2 because defendant Delgado-Ezquivel is named as a defendant in two separate methamphetamine conspiracy and trafficking Indictments with multiple Spanish speaking only co-defendants, multiple counts, and numerous Spanish language audio recordings that must be translated to English, all of which make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. Section 3161. The parties agree a continuance is necessary for these purposes, and agree to exclude time under the Speedy Trial Act accordingly.

The Government concurs with this request.

Further, the parties agree and stipulate that the Court shall find the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendants in a speedy trial and that time within which the trial of this case must be commenced under the Speedy Trial Act should therefore be excluded under 18 U.S.C. sections

1  3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 (to allow
2  defense counsel time to prepare), from the date of the parties'
3  stipulation, November 13, 2012, to and including January 29, 2013. The
4  parties further stipulate and agree that the Court shall find the failure
5  to grant the requested continuance in this case would deny counsel for
6  defendants reasonable time necessary for effective preparation, taking
7  into account the exercise of due diligence.
8      Accordingly, the parties respectfully request the Court adopt this
9  proposed stipulation as its order.
10 IT IS SO STIPULATED.

Dated: November 13, 2012            Respectfully submitted,

                                       DANIEL BRODERICK
                                       Federal Defender

                                       */s/ Doug Beevers*
                                       DOUG BEEVERS
                                       Assistant Federal Defender
                                       Attorney for Defendant
                                       CRESCENCIO DELGADO-ESQUIVEL

Dated: November 13, 2012            */s/ Michael E. Hansen*
                                       MICHAEL E. HANSEN
                                       Attorney for Defendant
                                       NORMA GONZALEZ

Dated: November 13, 2012            */s/ Danny Brace*
                                       DANNY D. BRACE, JR.
                                       Attorney for Defendant
                                       ARMANDO VASQUEZ-BARRAGAN

Dated: November 13, 2012            */s/ Dina Santos*
                                       DINA SANTOS
                                       Attorney for Defendant
                                       WALDO PEREZ-MENDOZA

1  Dated: November 13, 2012              /s/ Dwight Samuel
2                                         DWIGHT SAMUEL
                                          Attorney for Defendant
3                                         VICTOR GONZALEZ

4  Dated: November 13, 2012              BENJAMIN B. WAGNER
                                          United States Attorney
5
                                          /s/ Samuel Wong
6                                         SAMUEL WONG
                                          Assistant U.S. Attorney
7                                         Attorney for Plaintiff

8

9                                   **ORDER**

10      The Court, having received, read, and considered the stipulation of
11  the parties, and good cause appearing therefrom, adopts the stipulation
12  of the parties in its entirety as its order. Based on the stipulation of
13  the parties and the recitation of facts contained therein, the Court
14  finds that this case is unusual and complex in that it is unreasonable to
15  expect adequate preparation for pretrial proceedings and trial itself
16  within the time limits established in 18 U.S.C. Section 3161. In
17  addition, the Court specifically finds that the failure to grant a
18  continuance in this case would deny defense counsel to this stipulation
19  reasonable time necessary for effective preparation, taking into account
20  the exercise of due diligence. The Court finds that the ends of justice
21  to be served by granting the requested continuance outweigh the best
22  interests of the public and the defendants in a speedy trial.

23      The Court orders that the time from the date of the parties'
24  stipulation, November 13, 2012, to and including January 29, 2013, shall
25  be excluded from computation of time within which the trial of this case
26  must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C.
27  section 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T-2 (complex
28  and unusual case) and T-4 (reasonable time for defense counsel to

1  prepare). It is further ordered that the November 20, 2012, status
2  conference shall be continued until January 29, 2013, at 9:15 a.m.
3      **IT IS SO ORDERED.**
4  Dated: November 14, 2012

```
                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```